ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of --                                    )
                                                 )
Puget Sound Environmental Corp.                  )     ASBCA Nos. 58827, 58828
                                                 )
Under Contract Nos. N00406-08-D-8113             )
                    N00406-10-D-1001             )

APPEARANCE FOR THE APPELLANT:          Mr. Carlos Moreno
                                        President

APPEARANCES FOR THE GOVERNMENT:        Ronald J. Borro, Esq.
                                         Navy Chief Trial Attorney
                                        Stephanie Cates-Harman, Esq.
                                         Assistant Director
                                        Stephen L. Bacon, Esq.
                                         Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE JAMES ON THE
GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The captioned appeals arise from the Navy Fleet and Industrial Supply Center, Puget
Sound (FISC/PS) contracting officer's (CO's) deemed denial of Puget Sound Environmental
Corp.'s (PSE's) claims alleging that FISC/PS misclassified wage rates leading to $2,160,562
in unpaid wages owed to PSE's employees under the captioned contracts (ASBCA
No. 58827) and improperly terminated Task Order No. 9 (TO 9) under Contract
No. N00406-10-D-1001, obtained the same services from another contractor and thus caused
PSE $3,297,030 in lost potential revenues (ASBCA No. 58828).

On 30 October 2013 the government moved to dismiss these appeals for lack of
Contract Disputes Act (CDA) (41 U.S.C. §§ 7101-7109) jurisdiction on the grounds that
PSE's claim for a contract adjustment based on FISC/PS's alleged misclassification of
Service Contract Act (SCA) wages and fringe benefits is within the exclusive jurisdiction of
the Department of Labor (DOL) (ASBCA No. 58827), and PSE's claim for lost revenues due
to FISC/PS's convenience termination of TO 9 under Contract No. N00406-10-D-1001 is
essentially a bid protest for which this Board lacks CDA jurisdiction (ASBCA No. 58828).
PSE opposed the motion on 11 December 2013. The government replied thereto on
2 January 2014.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

### The Contracts and DOL Wage Determinations

1. On 30 April 2008 FISC/PS awarded labor hour, indefinite delivery, indefinite quantity (IDIQ), type Contract No. N00406-08-D-8113 (contract 8113) to PSE for support services aboard naval vessels or at naval shore facilities under the cognizance of the Puget Sound Naval Shipyard and Intermediate Maintenance Facility in the Pacific Northwest, with services to be ordered by issuance of written delivery orders (R4, tab 2 at 43-44, 48[1]).

2. The period of performance of contract 8113 was from 1 May 2008 through 30 September 2008 (R4, tab 2 at 44). Unilateral Modification Nos. P00001 and P00003 and bilateral Modification Nos. P00006 and P00007 to contract 8113 extended that original period ultimately to 30 September 2009 (R4, tabs 2(a), 2(c), 2(f), 2(g)).

3. Contract 8113 required PSE to provide services performed by "Laborers," "Firewatches" and "Tank/Void Watches" and management services performed by "Supervisors," "Environmental/Safety Coordinators" and "Marine Chemist[s]" (R4, tab 2 at 50-51).

4. Contract 8113 incorporated by reference the FAR 52.222-43, FAIR LABOR STANDARDS ACT AND SERVICE CONTRACT ACT—PRICE ADJUSTMENT (MULTIPLE YEAR AND OPTION CONTRACTS) (NOV 2006) clause, FAR 52.222-41, SERVICE CONTRACT ACT OF 1965 (NOV 2007) clause, which provided in pertinent part:

> (t) *Disputes Concerning Labor Standards*. The U.S. Department of Labor has set forth in 29 CFR Parts 4, 6, and 8 procedures for resolving disputes concerning labor standards requirements. Such disputes shall be resolved in accordance with those procedures and not the Disputes clause of this contract. Disputes within the meaning of this clause include disputes between the Contractor (or any of its subcontractors) and the contracting agency, the U.S. Department of Labor, or the employees or their representatives.

and the FAR 52.222-42, STATEMENT OF EQUIVALENT RATES FOR FEDERAL HIRES (MAY 1989) clause, which provided:

---

[1] Citations to all Rule 4 file pages are to their Bates numbers.

In compliance with the Service Contract Act of 1965, as amended, and the regulations of the Secretary of Labor (29 CFR Part 4), this clause identifies the classes of service employees expected to be employed under the contract and states the wages and fringe benefits payable to each if they were employed by the contracting agency subject to the provisions of 5 U.S.C. 5341 or 5332.

THIS STATEMENT IS FOR INFORMATION ONLY: IT IS NOT A WAGE DETERMINATION

| Employee Class | Monetary Wage-Fringe Benefits |
|---|---|
| Laborer #23470 | $15.08 Per Hour (WG-02) |

(R4, tab 2 at 64, 68)

5. Contract 8113 incorporated by reference DOL Wage Determination 2005-2559 (WD 05-2559), Revision 6, dated 11/30/2007 (R4, tab 2 at 74, tab 35). DOL WD 05-2559, Rev. 6, included occupational codes (OC) for Laborer (23470) and Maintenance Trades Helper (23580), with their respective minimum wages and fringe benefits tabulated as follows:

| OC | Minimum Wages & Fringes |
|---|---|
| 23470 | $12.58 + $3.16 |
| 23580 | $14.76 + $3.16 |

(R4, tab 35 at 874-75) DOL reissued WD 05-2559 as shown in the following tabulation:

| Date | Rev. | OC | Minimum Wages/Fringes |
|---|---|---|---|
| 08/11/08 | 7 | 23470 | $12.58 + $3.24 |
| | | 23580 | $14.76 + $3.24 |
| 01/01/09 | 9 | 23470 | $13.25 + $3.24 |
| | | 23580 | $14.76 + $3.24 |
| 07/01/09 | 10 | 23470 | $13.25 + $3.35 |
| | | 23580 | $14.76 + $3.35 |

(R4, tab 2(a) at 76, tab 2(e) at 89, tab 2(g) at 97, tabs 36, 37, 38)

6. FISC/PS issued seven TOs under contract 8113, the last of which, TO 7, expired 20 October 2009 (R4, tab 9 at 204).

7. On 13 October 2009 FISC/PS awarded PSE commercial item Contract No. N00406-10-D-1001 (contract 1001) on a time and material, IDIQ basis, for services substantially similar to those of contract 8113, to be ordered by issuance of delivery orders. Contract 1001 included four annual options. (R4, tab 11 at 313, 315, 373)

8. Contract 1001's period of performance was 13 October 2009 through 12 October 2010 (R4, tab 11 at 315). By Modification No. P00003, FISC/PS exercised option 1, extending contract 1001 to 12 October 2011 (R4, tab 11(c) at 430).

9. Contract 1001 required PSE to provide labor services described as "General Labor," "Firewatch," "Tank/Void Watch" and "Lead Worker," and management services described as "Project Supervision," "Competent Person/Gas Free/Marine Chemist" and "Environmental, Safety and Health" (R4, tab 11 at 317-20).

10. Contract 1001 incorporated by reference the FAR 52.212-4, CONTRACT TERMS AND CONDITIONS–COMMERCIAL ITEMS, ALTERNATE I (OCT 2008) clause and the same 52.222-41, 52.222-43 and 52.222-42 clauses as are in contract 8113. The 52.222-42 clause provided:

> THIS STATEMENT IS FOR INFORMATION ONLY: IT IS NOT A WAGE DETERMINATION

| Employee Class | Monetary Wage-Fringe Benefits |
| --- | --- |
| Laborer #23470 | $18.78 Per Hour (WG 03) |

(R4, tab 10 at 263, tab 11 at 356, 360, 364)

11. Contract 1001 attached DOL WD 05-2559, Rev. 11, which set forth for OCs 23470 and 23580 the following minimum wages and fringe benefits, tabulated as follows:

| OC | Minimum Wages and Fringes |
| --- | --- |
| 23470 | $13.77 + $3.35 |
| 23580 | $16.24 + $3.35 |

(R4, tab 11 at 382, 393, 397-99) DOL issued WD 05-2559, Rev. 13, dated 9 September 2010, which set forth:

4

| OC | Minimum Wages and Fringes |
|-------|---------------------------|
| 23470 | $14.21 + $3.50 |
| 23580 | $17.86 + $3.50 |

(R4, tab 11(c) at 430, tab 41 at 922-23)

12. On 8 September 2011 the FISC/PS notified PSE that the government no longer needed firewatch/laborer services under "N00406-10-D-1001-0009," i.e., TO 9. The CO terminated TO 9 for the convenience of the government effective 9 September 2011, which termination was confirmed by bilateral Modification No. 04 to TO 9 under contract 1001 (R4, tab 20 at 603, tab 20(d) at 625-27).

13. The Rule 4 file reflects that FISC/PS issued 16 TOs under contract 1001 (R4, tabs 12-27). TO 16's period of performance ended on 16 September 2011 (R4, tab 27), TOs 10 and 15's period of performance ended on 30 September 2011 (R4, tabs 216, 266), and TO 14's period of performance ended on 12 October 2011 (R4, tab 25).

### The DOL Investigation and PSE's Claims

14. A 1 September 2011 letter of DOL Wage and Hour Division notified FISC/PS CO Gary Whitehead that DOL had investigated contract 1001 and found that PSE owed $1,270,195.00 in SCA backwages to its employees (R4, tab 28 at 769).

15. On 14 September 2011 PSE advised FISC/PS CO that at a 12 September 2011 meeting, PSE had told DOL that the government had provided WD OC No. 23470 for "Labor[er]" with the rate of $14.21 per hour that was to be used to fix contract 1001's hourly rate at contract award, PSE "just complied as directed," DOL claimed a misclassification – the OC to be used was No. 23580, "Maintenance Trades Helper" at a $17.86 rate – and thus PSE had failed to pay the minimum wage. PSE requested FISC/PS to issue a change order to reflect the WD OC change from No. 23470 to No. 23580 at the foregoing hourly rates and PSE's "fixed hourly billing rate from $26.49 to $34.23." (R4, tab 31 at 802) On 3 October 2011, 31 October 2011 and 21 November 2011 PSE repeated its request to FISC/PS for a change order adjusting the hourly billing rate (R4, tab 31 at 811, 814-15).

16. On 22 May 2012 the Secretary of Labor filed a complaint with the DOL Office of Administrative Law Judges (OALJ) alleging that PSE had violated the SCA and was liable under contracts 8113 and 1001 for $1,409,409.98 in unpaid wages and fringe benefits to 215 of its employees, listed by name in Exhibit A to the complaint (R4, tab 31 at 818-20, ex. A).

5

17.  On 29 May 2012 OALJ docketed DOL's Case No. 2012-SCA-00014, which includes DOL findings of unpaid SCA wages with respect to contract 8113 and contract 1001 (app. opp'n, encl. XXIV at 1).  DOL moved for summary judgment in OALJ Case No. 2012-SCA-00014, which PSE opposed.  As of 23 January 2014 OALJ had made no final decision on summary judgment.  (Bd. corr. ltr. dtd. 23 Jan. 2014)

18.  PSE's 17 May 2013 certified claim submitted to FISC/PS CO Whitehead sought $5,457,592.69, consisting of Claim A for $2,160,562.69[2] alleging misclassified SCA wages determined by DOL, and Claim B for $3,297,030.10 alleging the improper "TASK ORDER TERMINATION" (of TO 9) under contract 1001, on the ground that the government stated it "no longer has a need for the firewatch/laborer services," yet it "continued to award firewatch task orders to another contractor (SKOOKUM) following PSE's termination" which "constitutes a breach of contract" (R4, tab 31 at 794-95, 797, 799).

19.  On 9 August 2013 PSE submitted a notice of appeal to the ASBCA on the basis of the CO's deemed denial of PSE's 17 May 2013 claims.  The Board assigned docket No. 58827 to PSE's Claim A and No. 58828 to its Claim B (R4, tab 31 at 790).

## DECISION

As the proponent of the Board's jurisdiction, PSE bears the burden of proof.  *See Cedars-Sinai Medical Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993) (holding that, once challenged, the proponent of jurisdiction bears the burden of proving facts sufficient to support it).

## I.  ASBCA No. 58827

We first address PSE's Claim A for adjustments of contracts 8113 and 1001 due to the alleged misclassification of specified SCA wages, which DOL alleged was OC No. 23580 at $17.86/hour, not OC No. 23470 at $14.21/hour (SOF ¶¶ 15, 18).  The rules for CDA jurisdiction of such claims are well established.  In *MMC Construction, Inc./Rockford Corp., J.V. and Aleutian Constructors, J.V.*, ASBCA No. 50863 *et al.*, 99-1 BCA ¶ 30,322 at 149,954, we stated:

> Generally, when a dispute arises exclusively out of a contract's labor standards provisions, DOL wage determinations may be disputed only through the administrative process of DOL, which has exclusive jurisdiction of them.  *See, Emerald Maintenance, Inc. v. United States*, 925 F.2d 1425, 1429 (Fed. Cir. 1991)....  But when the DOL administrative process has

---

[2]  We have accurately set forth the amounts included in the claim and have ignored an obvious typographical error in one place in that claim.

been completed, and a contractor claims a price adjustment for the effects of the DOL's wage determination, whether by virtue of the contract's Price Adjustment or Changes clause, breach of contract, equitable estoppel, or mutual mistake, then the Boards or Court of Federal Claims have jurisdiction of such claim under the CDA. *Burnside-Ott Aviation Training Center, Inc. v. United States*, 985 F.2d 1574, 1580-81 (Fed. Cir. 1993)....

We went on to find that the DOL issue had been decided and denied the government's motion to dismiss for lack of jurisdiction. *Id.*; *see Hunt Building Corp.*, ASBCA No. 50083, 97-1 BCA ¶ 28,807 at 143,700 (when DOL proceedings had been resolved, *Burnside-Ott* controlled).

In *Hunt Building Co.*, ASBCA No. 55157, 06-1 BCA ¶ 33,213 at 164,598, we held that where labor standards are involved, "a necessary predicate for collateral monetary relief under the contract is a final DOL ruling on the labor standards at issue" and thus dismissed the appeal.

In the instant dispute, DOL's summary judgment motion has not been decided in OALJ Case No. 2012-SCA-00014, and there has been no final DOL ruling on the proper classification or misclassification of SCA wages under contracts 8113 and 1001 (SOF ¶ 17).[3] Therefore, this Board lacks CDA jurisdiction to adjudicate PSE's Claim A. Accordingly, we grant respondent's motion to dismiss ASBCA No. 58827.

## II. ASBCA No. 58828

We next address PSE's Claim B alleging that FISC/PS improperly terminated TO 9 under contract 1001 for the convenience of the government. The government moves to dismiss this appeal because PSE's underlying claim is essentially a "bid protest" over which the ASBCA lacks CDA jurisdiction. PSE argues that termination of TO 9 was improper because the stated reason for the termination – the government "no longer has a need for the firewatch/laborer services" – is contradicted by the fact that the government continued to award task orders for the same services to another contractor (SKOOKUM) following PSE's termination which PSE contends is a breach of contract (SOF ¶ 18).

Though PSE does not use the term "bad faith termination" of TO 9, this is its implicit basis for Claim B. Contractor claims based on bad faith convenience terminations have been decided on their merits. For example, *Krygoski Construction Company v. United States*, 94 F.3d 1537, 1543, 1545 (Fed. Cir. 1996), quoted *John Reiner & Co. v. United States*, 325

---

[3] Whether the "misclassification" of such wages was by FISC/PS or PSE or DOL, WD is an issue before the DOL OALJ, on which issue this Board has no CDA jurisdiction.

F.2d, 438, 442 (Ct. Cl. 1963) for the rule that "[i]n the absence of bad faith or clear abuse of discretion the contracting officer's election to terminate is conclusive" and held that the CO, in terminating a demolition contract so as to preserve full and open competition, "did not abuse his discretion, act arbitrarily or capriciously or in bad faith."

This Board has done likewise. *See IMS Engineers – Architects, P.C.*, ASBCA No. 53471, 06-1 BCA ¶ 33,231 at 164,674 (contractor alleged that the government terminated a delivery order and failed to exercise the contract's last two option years in bad faith; Board denied appeal on the merits, holding that the contractor had not proven "bad faith, an abuse of discretion or that the [CO] acted in an arbitrary or capricious manner"); *EROS Division of Resource Recycling Int'l, Inc.*, ASBCA Nos. 48355, 48773, 99-1 BCA ¶ 30,207 at 149,461, *recon. denied*, 99-1 BCA ¶ 30,302, *aff'd*, 232 F.3d 912 (Fed. Cir. 2000) (table) (contractor's claim of bad faith or abuse of discretion in terminating contract for convenience was denied on its merits for failure of proof); *Old Hickory Engineering & Machine Company*, ASBCA No. 28663, 84-1 BCA ¶ 17,192 at 85,610-11 (summary judgment granted to government on holding that alleged bad faith termination was not proven since the CO made a policy decision which was within his discretion and did not constitute bad faith).

To show that Claim B is a bid protest, the government points to PSE's complaint, which alleged with respect to its Claim B:

> 2. Improper contract termination of contract [1001], as a result of DOL's findings. NAVY/FIC's decision to terminate PSE from performing all services under this contract for the convenience of the government was an improper and unnecessary action given the fact that it was NAVY/FICS's [CO] who issued the wrong prevailing wage job code classification which not only resulted in employee underpayment of wages but led to the loss of PSE's potential revenue stream estimated in the amount of $3,297,030.10. This figure is [4% of] the...base plus 4 year option contract, originally awarded yearly, on October 13, 2009, in the amount of $8,251,253.00 and increased to $16,485,150.50 yearly for 2010, with an ultimate value of $82,425,752.50....
>
> Also, not only did NAVY/FISC's [CO] unnecessarily terminate the contract in question but acted prematurely by reissuing the contract to another contractor rather than correcting the error made and allowing PSE to resume performance of the contract....

The government contends that PSE's "complaint is devoid of any allegations that the Government acted unlawfully or improperly in the...administration of Contract 1001. Instead, Appellant's complaint improperly seeks lost profits it may have earned during option years that the Government had every right not to exercise." (Gov't mot. at 13-14) (Footnote omitted)

To the contrary, PSE's Claim B expressly alleged improper administration of contract 1001, namely, the termination of TO 9 (SOF ¶ 18). The linchpin of our jurisdiction over a contractor claim under the CDA is the submission of a claim to the CO for decision. *Bruce E. Zoeller*, ASBCA No. 55654, 07-1 BCA ¶ 33,581 at 166,347. PSE's claim, not its pleadings on appeal, determines whether the Board has CDA jurisdiction of its appeal. *See The Public Warehousing Co.*, ASBCA No. 56022, 11-2 BCA ¶ 34,788 at 171,227 (Board lacks jurisdiction over claims raised for the first time on appeal, in a complaint or otherwise). Thus, what PSE stated in its complaint cannot nullify the Board's jurisdiction of ASBCA No. 58828, if its claim is proper. A CDA claim alleging bad faith convenience termination of a delivery order is justiciable. *See IMS Engineers*, 06-1 BCA ¶ 33,231 at 164,674. For the foregoing reasons, the government's motion to dismiss ASBCA No. 58828 is denied.

### III. Government's Stay Request

The government states:

> Should the Board decide to exercise jurisdiction over any aspect of Appellant's complaint, the Government respectfully requests a stay of those matters pending a final decision from the DOL.... In the interest of judicial economy and efficiency, Appellant's "improper termination" claim should also be stayed during the pendency of the DOL matter so that both issues may be litigated on the same schedule.

(Gov't mot. at 14) PSE asserts:

> [G]iven this rebuttal to the government's motion to dismiss...or to at least stay said appeals pending final decision from the DOL should ASBCA retain jurisdiction, PSE...requests the Board, before it renders its decision in this matter, to first give consideration to PSE's response to DOL's Secretary's Motion for Summary Decision...(See Appendix I Enclosed).

(App. opp'n at 4)

9

The Board has considered PSE's Appendix I response to the DOL motion, decided that the Board lacks CDA jurisdiction of PSE's Claim A in ASBCA No. 58827 and held that we have CDA jurisdiction of PSE's Claim B in ASBCA No. 58828.

PSE's complaint alleged that the FISC/PS CO "wrong prevailing wage job code classification...led to the loss of PSE's potential revenue stream estimated in the amount of $3,297,030.10." Pleadings are not proof of disputed facts. *See E.L. Hamm & Associates, Inc.*, ASBCA No. 51085 *et al.*, 03-2 BCA ¶ 32,259 at 159,568, *aff'd,* 101 F. Appx. 355 (Fed. Cir. 2004). The appeal record shows that after the convenience termination of TO 9 on 9 September 2011 (SOF ¶ 12), TO 16 expired on 16 September 2011, TOs 10 and 15 expired on 30 September 2011, and TO 14 and contract 1001 expired on 12 October 2011 (SOF ¶¶ 13, 8). The present record contains no evidence that PSE's occupational code dispute with DOL in ASBCA No. 58827 in fact caused the FISC/PS CO to terminate TO 9 and not to exercise its final three option years in contract 1001.

The Board perceives no "judicial economy and efficiency" to stay ASBCA No. 58828 proceedings until DOL issues a decision in OALJ Case No. 2012-SCA-00014. The litigation of ASBCA No. 58828 will not interfere with or duplicate PSE's conduct in that DOL case. Nor will continued litigation of ASBCA No. 58828 prejudice the Navy or impair PSE's right to submit contract claims for price adjustments pursuant to *Burnside-Ott* in the event the DOL finally determines the proper wage rates for contracts 8113 and 1001. The government's request is denied.

## CONCLUSION

The government's motion to dismiss ASBCA No. 58827 for lack of jurisdiction is granted and it is dismissed without prejudice. The government's motion to dismiss ASBCA No. 58828 for lack of jurisdiction is denied. The government's request to stay proceedings in ASBCA No. 58828 is denied. The government shall file its answer in ASBCA No. 58828 within 30 days after receipt of this decision. Thereafter the parties shall confer with the Board to establish the remaining litigation action dates needed for ASBCA No. 58828.

Dated: 17 April 2014

DAVID W. JAMES, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

10

I concur                                    I concur

MARK N. STEMPLER                            RICHARD SHACKLEFORD
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58827, 58828, Appeals of Puget Sound Environmental Corp., rendered in conformance with the Board's Charter.

Dated:


JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals


11